**Exhibit B**

**Sale Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>REED AND BARTON CORPORATION,<br><br>Debtor. | Chapter 11<br><br>Case No. _____ (\_\_\_) |

**NOTICE OF AUCTION AND SALE HEARING**

PLEASE TAKE NOTICE that on February 17, 2015, the above-captioned debtor and debtor in possession (the "Debtor"), by its counsel, filed with the Bankruptcy Court the *Motion For (I) An Order (A) Approving Sale Procedures In Connection With Sale Of Substantially All Of The Debtor's Assets, (B) Approving The Break-Up Fee, (C) Scheduling An Auction And Hearing To Approve The Transaction And Approving The Form And Manner Of Notice Thereof, And (D) Establishing Procedures Relating To The Assumption And Assignment Of Executory Contracts; And (II) An Order (A) Approving The Proposed Sale, (B) Authorizing The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, And (C) Granting Certain Related Relief* (the "Motion").[1]

PLEASE TAKE FURTHER NOTICE that, on [_____], 2015, the Bankruptcy Court entered an order [Docket No. \_\_\_\_] (the "Bid Procedures Order"), which, among other things, establishes bidding procedures (the "Bidding Procedures") that govern the manner in which the Purchased Assets (as defined in the Motion) of the Debtor are to be sold.

PLEASE TAKE FURTHER NOTICE that a copy of the Motion and the Bid Procedures Order are being served on you concurrently with this Sale Notice.

PLEASE TAKE FURTHER NOTICE that, in accordance with the terms of the Bid Procedures Order, the Debtor may conduct an open bid auction (the "Auction") on [_____,] 2015 at [\_\_:\_\_\_] (the "Auction Date") at the Bankruptcy Court for the District of Massachusetts, John W. McCormack Post Office and Court House, 5 Post Office Square, Suite 1150, Boston, Massachusetts 02109. Only parties that have a submitted a Qualifying Bid (as defined in the Bid Procedures Order) by no later [_____], 2015 (the "Bid Deadline") will be permitted in participate in and/or make any statements on the record at the Auction.

---

[1] Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Motion.

2

PLEASE TAKE FURTHER NOTICE that at [__:__] on [_____], 2015, or as soon thereafter as counsel may be heard (the "Sale Hearing"), the Debtor shall appear before the Bankruptcy Court and seek entry of an order:

- approving the Asset Purchase Agreement, or such other form of asset purchase agreement;

- authorizing the sale of the Purchased Assets by the Debtor to the Proposed Purchaser or such other person or entity who is the Prevailing Bidder at the Auction, free and clear of Liens, other than any Permitted Liens and Assumed Liabilities;

- authorizing the assumption and assignment of certain executory contacts and unexpired leases; and

- granting certain related relief.

PLEASE TAKE FURTHER NOTICE that the terms and conditions of the proposed sale of the Purchased Assets are set forth in the Asset Purchase Agreement. The Asset Purchase Agreement represents the results of extensive arms-length negotiations conducted by the Debtor to obtain the highest and best offer for the Purchased Assets. However, as set forth in the Bid Procedures Order, the sale remains subject to higher or better offers from any prospective Qualifying Bidder.

PLEASE TAKE FURTHER NOTICE that objections to the Motion, if any, must comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the District of Massachusetts, must be set forth in writing describing the basis therfor, and must be filed with the Bankruptcy Court and, be served upon served upon (so as to be **received** by) the following parties on or before the date that is **five (5) business days before the Sale Hearing (the "Objection Deadline")**: (i) Holland & Knight LLP, 10 St. James Avenue, Boston, MA 02116, Attn: John J. Monaghan, Esq. (john.monaghan@hklaw.com), [proposed] counsel to the Debtor; (ii) Nixon Peabody LLP, 50 Jericho Quadrangle, Jericho, NY 11753, (Attn: Allan Cohen, Esq.) (ACohen@nixonpeabody.com), counsel to the Proposed Purchaser; (iii) the Office of the United States Trustee, District of Massachusetts, John W. McCormack Post Office and Court House, 5 Post Office Square, Suite 1000, Boston, MA 02109, Attn: _____ (_____@USDOJ.GOV); and (iv) counsel to any statutory committee appointed in this case.

PLEASE TAKE FURTHER NOTICE that the failure of any person or entity to file an objection before the Objection Deadline shall be deemed a consent to the sale of the Purchased Assets to the Proposed Purchaser or the Prevailing Bidder and the other relief requested in the Motion, and be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Auction, the sale of the Purchased Assets, the Debtor's consummation and performance of the Asset Purchase Agreement (including, without limitation, the sale of the Purchased Assets free and clear of all Liens), and the assumption and assignment of the Assumed and Assigned Contracts, if authorized by the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE that this Sale Notice is subject to the full terms and conditions of the Motion and the Bid Procedures Order, which shall control in the event of any conflict, and the Debtor encourages the parties in interest to review such documents in their entirety.

Respectfully submitted,

REED AND BARTON CORPORATION

By its proposed counsel,

HOLLAND & KNIGHT LLP

/s/ John J. Monaghan_____
John J. Monaghan (Mass Bar #546454)
Lynne B. Xerras (Mass Bar #632441)
Kathleen St. John (Mass Bar #681565)
10 St. James Avenue
Boston, MA  02116
Telephone: (617) 523-2700
Facsimile: (617) 523-6850

Dated: _____, 2015

#34504436_v2

4

**Exhibit C**

**Cure Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| In re: <br><br> REED AND BARTON CORPORATION, <br><br> Debtor. | Chapter 11 <br><br> Case No. _____ (\_\_\_) |

**NOTICE OF DEBTOR'S INTENT TO ASSUME AND ASSIGN CERTAIN
UNEXPIRED LEASES AND EXECUTORY CONTRACTS AND
SETTING FORTH THE CURE AMOUNTS**

PLEASE TAKE NOTICE that on February 17, 2015, the above-captioned debtor and debtor in possession (the "Debtor"), by its counsel, filed with the Bankruptcy Court the *Motion For (I) An Order (A) Approving Sale Procedures In Connection With Sale Of Substantially All Of The Debtor's Assets, (B) Approving Break-Up Fee, (C) Scheduling An Auction And Hearing To Approve The Transaction And Approving The Form And Manner Of Notice Thereof, And (D) Establishing Procedures Relating To The Assumption And Assignment Of Executory Contracts; And (II) An Order (A) Approving The Proposed Sale, (B) Authorizing The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, And (C) Granting Certain Related Relief* (the "Motion").[1]

PLEASE TAKE FURTHER NOTICE that, on [_____], 2015, the Bankruptcy Court entered an order [Docket No \_\_\_\_] (the "Bid Procedures Order"), which, among other things, establishes procedures relating to the assumption and assignment of Assumed and Assigned Contracts (as defined in the Motion) of the Debtor.

PLEASE TAKE FURTHER NOTICE that, on [_____], 2015 at _____ \_\_\_.m., there will be hearing (the "Sale Hearing"), where the Debtor will seek approval and authorization of the Asset Sale to the Proposed Purchaser or the Qualifying Bidder that submits the highest and best offer at the Auction, as applicable.

PLEASE TAKE FURTHER NOTICE that the Debtor is a party to various executory contracts and unexpired leases (collectively, the "Contracts") and, pursuant to the Bid Procedures Order, the Debtor intends to assume and assign such Contracts to the Prevailing Bidder (collectively, the "Assumed and Assigned Contracts").

---

[1] Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Motion.

#34615422_v1    2

PLEASE TAKE FURTHER NOTICE that you have been identified as a counterparty to an Assumed and Assigned Contract.  The Assumed and Assigned Contract with respect to which you have been identified as a counterparty, and the corresponding proposed cure amount (the "Cure Amount") are set forth on Schedule 1 annexed hereto.

PLEASE TAKE FURTHER NOTICE that the Debtor believes that any and all defaults (other than the filing of this chapter 11 case) and actual pecuniary losses under the Assumed and Assigned Contracts can be cured by the payment of the Cure Amount.

PLEASE TAKE FURTHER NOTICE that the assumption and assignment of any Assumed and Assigned Contract shall result in the full release and satisfaction of any claims or defaults, whether monetary or non-monetary.

PLEASE TAKE FURTHER NOTICE that any objection to the proposed assumption and assignment of any Assumed and Assigned Contract or to the amount of the Cure Amount must (a) be in writing; (b) state with specificity the nature of such objection and/or the alleged Cure Amount (with appropriate documentation in support thereof); (c) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of the Bankruptcy Court; and (d) be filed with the Bankruptcy Court and served upon (so as to be **received** by) the following parties on or before [_:__] p.m. (prevailing Eastern Time) on [_____], 2015 (the "Objection Deadline"):  (i) Holland & Knight LLP, 10 St. James Avenue, Boston, MA 02116, Attn: John J. Monaghan, Esq. (john.monaghan@hklaw.com), [proposed] counsel to the Debtor; (ii) Nixon Peabody LLP, 50 Jericho Quadrangle, Jericho, NY 11753 (Attn:   Allan Cohen) (ACohen@nixonpeabody.com), counsel to the Proposed Purchaser; (iii) the Office of the United States Trustee, District of Massachusetts, John W. McCormack Post Office and Court House, 5 Post Office Square, Suite 1000, Boston, MA 02109, Attn: _____ (_____@USDOJ.GOV); and (iv) counsel to any statutory committee appointed in this case.

PLEASE TAKE FURTHER NOTICE that any counterparty failing to timely file an objection to a Cure Amount or the proposed assumption and assignment of an Assumed and Assigned Contract shall be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts against the Debtor, its estate, or the Proposed Purchaser with respect to its Contract and will be deemed to consent to the Asset Sale and the proposed assumption and assignment of its Contract.

PLEASE TAKE FURTHER NOTICE that where a counterparty to an Assumed and Assigned Contract files a timely objection asserting a higher cure amount than the Cure Amount, and the parties are unable to consensually resolve the dispute prior to the Sale Hearing, the amount to be paid under section 365 of the Bankruptcy Code with respect to such objection will be determined at the Sale Hearing or such other date and time as may be fixed by the Bankruptcy Court.  All other objections to the proposed assumption and assignment of the Assumed and Assigned Contracts will be heard at the Sale Hearing.

PLEASE TAKE FURTHER NOTICE that if no Cure Amount is due under the Assumed and Assigned Contract, and the counterparty to such agreement does not otherwise object to the assumption and assignment of such agreement, no further action needs to be taken on the part of that counterparty.

PLEASE TAKE FURTHER NOTICE that the Debtor's decision to assume and assign the Assumed and Assigned Contracts is subject to Bankruptcy Court approval and consummation of the Asset Sale. Absent consummation of the Asset Sale, each Assumed and Assigned Contract shall not be deemed assumed and assigned and shall in all respects be subject to further administration under the Bankruptcy Code. The designation of any agreement as an Assumed and Assigned Contract shall not constitute or be deemed to be a determination or admission by the Debtor or the Proposed Purchaser that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved). The Proposed Purchaser holds the absolute right to remove any contract from those to be Assumed and Assigned at any time prior to the Sale Hearing. Notice of any amendment to Schedule 1 shall be provided to any affected parties.

    Respectfully submitted,

    REED AND BARTON CORPORATION

    By its proposed counsel,

    HOLLAND & KNIGHT LLP

    /s/ John J. Monaghan
    John J. Monaghan (Mass Bar #546454)
    Lynne B. Xerras (Mass Bar #632441)
    Kathleen St. John (Mass Bar #681565)
    10 St. James Avenue
    Boston, MA 02116
    Telephone: (617) 523-2700
    Facsimile: (617) 523-6850

Dated: February __, 2015

# **Schedule 1**

#34615422_v1                                    5