**Exhibit D**

**Proposed Bid Procedures Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

In re:

REED AND BARTON CORPORATION,                    Chapter 11

            Debtor.                    Case No. _____ (____)

**ORDER (A) APPROVING SALE PROCEDURES IN CONNECTION WITH SALE OF**
**CERTAIN OF THE DEBTOR'S ASSETS, (B) APPROVING THE BREAK UP FEE,**
**(C) SCHEDULING AN AUCTION AND HEARING TO APPROVE THE TRANSACTION**
**AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF, AND**
**(D) ESTABLISHING PROCEDURES RELATING TO THE**
**ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS**

THIS MATTER is before the Court on the motion dated February 17, 2015 [Docket

No. _____] (the "Motion"),[1] of Reed and Barton Corporation (the "Debtor") for entry of an order

(a) approving sale procedures in connection with sale of certain of the Debtor's assets (the

"Bidding Procedures"), (b) approving the expense reimbursement, (c) scheduling an auction (the

"Auction") and hearing to approve the transaction and approving the form and manner of notice

thereof, and (d) establishing procedures relating to the assumption and assignment of executory

contracts.  After due deliberation and having determined that the relief requested in the Motion is

in the best interests of the Debtor and its estate,

**THE COURT HEREBY FINDS THAT:[2]**

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meaning ascribed to them in the Motion.

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2

A.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).  Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      The statutory predicates for the relief requested herein are sections 105(a), 363(b) and (f), 365, 503 and 507 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002(a)(2), 6003, 6004(a), (b), (c), (e) and (f), 6006(a) and (c), 9007, 9014 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

C.      Notice of the Motion, having been given to (i) counsel for the Proposed Purchaser; (ii) the United States Trustee for the District of Massachusetts; (iii) the Internal Revenue Service; (iv) all other applicable state and federal taxing authorities having jurisdiction over the Purchased Assets; (v) the counterparties to each of the Assumed and Assigned Contracts; (vi) all holders of liens of record against any of the Acquired Assets; (vii) the Debtor's twenty (20) largest unsecured creditors; (viii) all parties that have requested special notice pursuant to Bankruptcy Rule 2002; and (ix) all other entities known to have expressed an interest in a transaction with respect to all or part of the Purchased Assets (collectively, the "Notice Parties"), is sufficient in light of the circumstances and the nature of the relief requested in the Motion.

D.      The Debtor has articulated good and sufficient reasons for this Court to grant the relief requested in the Motion regarding the sale process, including without limitation, (i) approval of the Bidding Procedures and, under the circumstances described herein, and in the Asset Purchase Agreement, the Break-Up Fee; (ii) approval and authorization to serve the Sale Notice (defined below); and (iii) determination of final Cure Amounts (defined below).

3

E.       The Break-Up Fee and the reimbursement of the Show Costs to be paid under the

circumstances described herein to the Proposed Purchaser are (i)  actual and necessary costs and

expenses of preserving the Debtor's estate, within the meaning of sections 503(b) and 507(a)(2)

of the Bankruptcy Code, (ii) commensurate to the real and substantial benefit conferred upon the

Debtor's estate by the Proposed Purchaser, (iii) reasonable and appropriate, in light of the size

and nature of the proposed sale transaction and comparable transactions, the commitments that

have been made and the efforts that have been and will be expended by the Proposed Purchaser,

and (iv) necessary to induce the Proposed Purchaser to continue to pursue the sale transaction

and to continue to be bound by the contemplated Asset Purchase Agreement.

F.       The Break-Up Fee also induced the Proposed Purchaser to submit a bid that will

serve as a minimum floor bid on which the Debtor, its creditors and other bidders may rely.  The

Proposed Purchaser has provided a material benefit to the Debtor and its creditors by increasing

the likelihood that the best possible price given the circumstances for the Purchased Assets will

be received.

G.       The Proposed Purchaser will also provide a material benefit in rendering the

transition services as described in the Motion, further supporting the reasonableness of the

Break-Up Fee.

H.       Finally, the Proposed Purchaser's advancement of the Show Costs to enable the

Debtor to maintain its lease at its New York showroom and to staff and stock that showroom for

the purpose of participating in the April, 2015 New York Tabletop Show is reasonable and will

provide a material benefit to the Debtor and its estate.

4

I.        Accordingly, the Bidding Procedures, the Break-Up Fee and the provision for reimbursement of the Show Costs are reasonable and appropriate and represent the best method for maximizing value for the benefit of the Debtor's estate.

J.        The Bidding Procedures and the Asset Purchase Agreement were negotiated in good faith by the Debtor and the Proposed Purchaser.

K.        The Sale Notice is reasonably calculated to provide all interested parties with timely and proper notice of the Asset Sale, the Sale Hearing and the Auction.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.        The Bidding Procedures, substantially in the form attached hereto as Exhibit A, are hereby approved and fully incorporated into this Order.   The Debtor is authorized to undertake any and all actions necessary or appropriate to implement the Bidding Procedures.

2.        All objections, if any, to the relief requested in the Motion are overruled.

3.        The Break-Up Fee and the reimbursement of  up to $150,0000 of the Show Costs (the "Reimbursement"), as set forth herein, and the Asset Purchase Agreement, is hereby approved.  If the Proposed Purchaser becomes entitled to receive the Break-Up Fee and the Reimbursement in accordance with the terms of the Asset Purchase Agreement, then the Proposed Purchaser shall be, and hereby is, granted an allowed administrative claim in the Debtor's chapter 11 case in an amount equal to the Break-Up Fee and the Reimbursement, and such Break-Up Fee and Reimbursement shall be paid upon consummation, and from the proceeds, of the Alternative Transaction.

4.        In the event the Break-Up Fee and the Reimbursement become due and payable, the Debtor is authorized and directed, without further action or order by the Court, to pay such

Break-Up Fee and Reimbursement in accordance with the terms and conditions of the Asset Purchase Agreement and this Order.

5.      On or before consummation of an Alternative Transaction with a successful buyer other than the Proposed Purchaser, as a condition to consummation of such Alternative Transaction, such successful buyer shall pay directly to the Proposed Purchaser the Break-Up Fee and the Reimbursement without offset or deduction and free and clear of all Liens, by wire transfer or other immediately available funds.  In the event that such successful buyer pays the Break-Up Fee and the Reimbursement to the Debtor rather than the Proposed Purchaser, such Break-Up Fee and the Reimbursement shall be held in trust for the benefit of the Proposed Purchaser and shall be paid to the Proposed Purchaser by the Debtor as promptly as practicable.

6.      No person or entity, other than the Proposed Purchaser, shall be entitled to any expense reimbursement, break-up fees, "topping," termination or other similar fee or payment.

7.      The rendering of transition services  as described in the Motion by the Proposed Purchaser, and the receipt of such transition services by the Debtor, are authorized and approved.

8.      The Notice of Auction and Sale Hearing, substantially in the form attached hereto as Exhibit B (the "Sale Notice") (a) is hereby approved and (b) shall be served within two (2) business days of entry of this Order, upon each of the following parties:  (i) counsel for the Proposed Purchaser;(ii) the United States Trustee for the District of Massachusetts; (iii) the Internal Revenue Service; (iv) all other applicable state and federal taxing authorities having jurisdiction over the Acquired Assets; (v) the counterparties to each of the Assumed and Assigned Contracts; (vi) all other parties known to Debtor who have or may have asserted liens against any of the Acquired Assets; (vii) the Debtor's twenty (20) largest unsecured creditors; (viii) all parties that have requested special notice pursuant to Bankruptcy Rule 2002; (ix) all

#34739635_v2

other entities known to have expressed interest in a transaction with respect to all or part of the Acquired Assets; (x) counsel to any statutory committee appointed in this case; and (xi) all creditors and other parties-in-interest that are listed on the Debtor's schedules or on the matrix filed herein or who have filed a proof of claim asserting a claim or interest in this case.

9.      As further described in the Bidding Procedures, in the event that the Debtor timely receives one or more Qualifying Bids, the Debtor shall conduct an open bid Auction on a date to be determined by the Debtor, in consultation with the Proposed Purchaser, no later than the date that is three (3) business days after the Bid Deadline (the "Auction Date").  The Debtor shall conduct the Auction at the Bankruptcy Court.

10.     The notice to counterparties to the Assumed and Assigned Contracts, substantially in the form attached hereto as Exhibit C (the "Cure Notice") (a) is hereby approved and (b) shall be served upon each counterparty to the Assumed and Assigned Contracts by no later than twenty (20) days prior to the Sale Hearing.

11.     Except as may otherwise be agreed to by the parties to an Assumed and Assigned Contract (with the consent of the Prevailing Bidder), on the Effective Date, the Prevailing Bidder shall cure those defaults under the Assumed and Assigned Contracts that need to be cured in accordance with section 365(b) of the Bankruptcy Code by (a) payment of the undisputed Cure Amounts, and/or (b) reserving amounts with respect to the disputed Cure Amounts.  In the event of a dispute regarding the Cure Amount, any payments required, following entry of a Final Order resolving such dispute, shall be made as soon as practicable thereafter.  If no objection is timely received, the Cure Amount set forth in the Cure Notice shall be controlling notwithstanding anything to the contrary in any Assumed Contract or other documents as of the date of the Cure Notice.

#34739635_v2

12.     Objections, if any, to the proposed assumption and assignment of the Assumed
and Assigned Contracts, including, but not limited to, objections relating to the Cure Amount
and/or adequate assurances of future performance, must (a) be in writing; (b) state with
specificity the nature of such objection and the alleged Cure Amount (with appropriate
documentation in support thereof); (c) comply with the Federal Rules of Bankruptcy Procedure
and the Local Bankruptcy Rules of this Court; and (d) be filed with this Court and served upon
(so as to be **received** by) the following parties (collectively, the "Notice Parties") on or before
the date that is five (5) business days before the Sale Hearing (the "Objection Deadline"): (i)
Holland & Knight LLP, 10 St. James Avenue, Boston, MA 02116, Attn: John J. Monaghan, Esq.
(john.monaghan@hklaw.com), counsel to the Debtor; (ii) Nixon Peabody LLP, 50 Jericho
Quadrangle, Jericho, NY 11752, (Attn:   Allan Cohen, Esq.) (ACohen@nixonpeabody.com)
counsel to the Proposed Purchaser; (iii) the Office of the United States Trustee, District of
Massachusetts, John W. McCormack Post Office and Court House, 5 Post Office Square, Suite
1000, Boston, MA 02109, Attn: _____ (_____@USDOJ.GOV); and
(iv) counsel to any statutory committee appointed in this case.

13.     Notwithstanding the foregoing paragraph, in the event the Proposed Purchaser is
not the Prevailing Bidder, then objections, if any, to the proposed assumption and assignment of
the Assumed and Assigned Contracts that relate to adequate assurance may be filed at any time
before the Sale Hearing commences.

14.     Any party failing to timely file an objection to the Cure Amounts set forth in the
Motion or the proposed assumption and assignment of the Assumed and Assigned Contracts shall
be forever barred from objecting to the Cure Amounts and from asserting any additional cure or
other amounts against the Debtor, its estate, or the Proposed Purchaser with respect to its

executory contract(s) or unexpired lease(s) and will be deemed to consent to the Asset Sale and the proposed assumption and assignment of its executory contract(s) or unexpired lease(s).

15.     Where a party to an Assumed and Assigned Contract files a timely objection asserting a higher cure amount than the Cure Amount, and the parties are unable to consensually resolve the dispute prior to the Sale Hearing, the amount to be paid under section 365 of the Bankruptcy Code with respect to such objection will be determined at the Sale Hearing or such other date and time as may be fixed by this Court.  All other objections to the proposed assumption and assignment of the Assumed and Assigned Contracts will be heard at the Sale Hearing.

16.     The Sale Hearing will be conducted no later than two (2) business days following the conclusion of the Auction.  The Debtor will seek the entry of an order of this Court at the Sale Hearing approving and authorizing the Asset Sale to the Proposed Purchaser or such other party who is the Prevailing Bidder, on terms and conditions consistent with the Asset Purchase Agreement, as may be amended and modified.

17.     Objections, if any, to the relief requested in the Motion as it relates to the Asset Sale must:  (a) be in writing and filed with this Court; (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules; and (c) be served upon, so as to be **<u>received</u>** by, the Notice Parties on or before Objection Deadline.

18.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise or any Local Rules of this Court, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

19.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

#34739635_v2

20.     To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern.

21.     This Court shall retain jurisdiction to resolve any dispute relating to the interpretation of the terms and conditions of the Asset Purchase Agreement and this Order.  To the extent any provisions of this Order shall be inconsistent with the Motion, the terms of this Order shall control.

DATED: _____, 2015

/s/_____
UNITED STATES BANKRUPTCY JUDGE

10

**Exhibit A**

**Bidding Procedures**

## BIDDING PROCEDURES

Set forth below are the bid procedures (the "Bidding Procedures") to be employed by Reed and Barton Corporation (the "Debtor") in connection with that certain Asset Purchase Agreement, dated February 15, 2015 between the Debtor and Lifetime Brands, Inc., a Delaware corporation (the "Proposed Purchaser"), pursuant to which the Proposed Purchaser shall acquire certain of the Debtor's assets all on the terms and conditions specified therein (the "Asset Purchase Agreement").  The Debtor shall obtain entry of an order, in form and substance acceptable to the Proposed Purchaser in its sole discretion, of the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court") which, among other things (a) approves the Bidding Procedures, (b) approves the form and manner of the sale notice and bidding procedures notice, (c) schedules a Sale Hearing date, (d) approves procedures for the assumption and, if necessary, assignment of executory contracts and unexpired leases, and (e) approves the expense reimbursement provision set forth in the Asset Purchase Agreement (the "Bid Procedures Order").  Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Asset Purchase Agreement.

    1.    Assets to be Sold

The Debtor shall offer for sale certain of the property and assets (the "Asset Sale") of the Debtor's business as identified in further detail in the Asset Purchase Agreement (collectively the "Purchased Assets").

    2.    Participation Requirements

Any person that wishes to participate in the bidding process (each, a "Potential Bidder") must become a "Qualifying Bidder."  As a prerequisite to becoming a Qualifying Bidder (and, thus, being able to conduct due diligence), a Potential Bidder:

(a)    must deliver an executed confidentiality agreement in form and substance acceptable to the Debtor; and

(b)    must be able, as determined by the Debtor, to consummate a transaction based upon the Asset Sale, as applicable, if selected as the successful bidder.

The Proposed Purchaser is deemed a Qualifying Bidder and the Asset Purchase Agreement constitutes a Qualifying Bid (as defined below) for all purposes.

3.      <u>Due Diligence</u>

A Qualifying Bidder will have the opportunity to conduct reasonable due diligence through and including the Bid Deadline (as defined below).  The Debtor and its representatives shall not be obligated to furnish any due diligence information after the Bid Deadline (as defined below).

4.      <u>Bid Requirements</u>

To be deemed a "<u>Qualifying Bid</u>," a bid must be received from a Qualifying Bidder by a date no later than the Bid Deadline (as defined below) that:

(a)      states such Qualifying Bidder offers to purchase all or substantially all of the Purchased Assets upon the terms and conditions substantially as set forth in the Asset Purchase Agreement;

(b)      is accompanied by a clean and duly executed purchase agreement (the "<u>Modified Asset Purchase Agreement</u>") and a marked Modified Asset Purchase Agreement reflecting any variations from the Asset Purchase Agreement executed by the Proposed Purchaser;

(c)      states such Qualifying Bidder is financially capable of consummating the transactions contemplated by the Modified Asset Purchase Agreement and provides written evidence demonstrating that such bidder has the financial ability to consummate the purchase of all of the Purchased Assets;

(d)      states such Qualifying Bidder's offer is irrevocable until the closing of the Asset Sale if such Qualifying Bidder is the Prevailing Proposed Purchaser (as defined below);

(e)      contains such financial and other information to allow the Debtor to make a reasonable determination as to the Qualifying Bidder's financial and other capabilities to consummate the transactions contemplated by the Modified Asset Purchase Agreement, including, without limitation, such financial and other information setting forth adequate assurance of future performance under contracts and leases to be assumed pursuant to section 365 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in a form requested by the Debtor to allow the Debtor to serve, within one (1) business day after such receipt, such information on counter-parties to any contracts or leases being assumed or assumed and assigned in connection with the proposed sale that have requested, in writing, such information;

(f)      identifies with particularity each and every executory contract and unexpired lease, the assumption and, as applicable, assignment of which is a condition to closing;

(g)      does not request or entitle such Qualifying Bidder to any break-up fee, expense reimbursement, or similar type of payment;

(h)     fully discloses the identity of each entity that will be bidding in the Asset Sale or otherwise participating in connection with such bid, and the complete terms of any such participation;

(i)     is likely to result in a value to the Debtor's estate in the Debtor's reasonable judgment, that is more than the aggregate of the value of the sum of: (i) the Purchase Price; **plus** (ii) the Show Costs up to the amount of $150,000; **plus** (iii) the assumed liabilities, as identified in the Asset Purchase Agreement; **plus** (iv) the amount of the Break-Up Fee of $750,000; **plus** (v) $50,000;

(j)     does not contain any financing contingencies of any kind; (ii) provides for expiration of any due diligence contingency on or before the Auction Date; and (iii) contains evidence that the Qualifying Bidder has received debt and/or equity funding commitments or has financial resources readily available sufficient in the aggregate to consummate the Asset Sale, which evidence is reasonably satisfactory to the Debtor;

(k)     includes evidence of authorization and approval from the Qualifying Bidder's board of directors (or comparable governing body) with respect to the submission, execution, and delivery of the Modified Asset Purchase Agreement; and

(l)     provides a purchase deposit that is not less than $250,000.

A competing bid satisfying all the above requirements shall constitute a Qualifying Bid.

5.    Bid Deadline

A Qualifying Bidder that desires to make a bid shall deliver a written or electronic copy of its bid to: (i) Reed and Barton Corporation, 144 West Britannia Street, Taunton, MA 02780 (Attn: Tim Riddle); (ii) Holland & Knight LLP, 10 St. James Avenue, Boston, MA 02116 (Attn: John J. Monaghan, Esq. (john.monaghan@hklaw.com)), counsel to the Debtor; and (iii) Nixon Peabody LLP, 50 Jericho Quadrangle, Jericho, NY   11753 (Attn:   Allan Cohen, Esq.) (ACohen@nixonpeabody.com), counsel to the Proposed Purchaser, so as to be received by a date no later than thirty-five (35) calendar days subsequent to the entry of the Order approving these Bid Procedures ("Bid Deadline").

6.    Evaluation of Qualifying Bids

The Debtor shall make a determination regarding whether a bid is a Qualifying Bid and shall notify bidders whether their bids have been determined to be qualified by a date no later than two (2) days prior to the Auction Date (as defined below).  Prior to the Auction (as defined below), the Debtor shall determine, in its reasonable judgment, which of the Qualifying Bids is likely to be the highest or best.

7.      <u>No Qualifying Bids</u>

If no timely, conforming Qualifying Bids other than the Qualifying Bid submitted by the Proposed Purchaser are submitted by the Bid Deadline, the Debtor shall not hold an Auction (as defined below) and instead shall request at the Sale Hearing (as defined below) that the Bankruptcy Court approve the Asset Purchase Agreement with the Proposed Purchaser.

8.      <u>Auction</u>

In the event that the Debtor timely receives one or more Qualifying Bids other than the Asset Purchase Agreement, the Debtor shall conduct an open bid auction at the Bankruptcy Court (the "<u>Auction</u>") no later than the date that is three (3) business days after the Bid Deadline (the "Auction Date").  The Auction shall be governed by the following procedures:

(a)      only the Proposed Purchaser and the other Qualifying Bidders are entitled to bid at the Auction;

(b)      the Proposed Purchaser and the other Qualifying Bidders must appear in person at the Auction, or through a duly authorized representative;

(c)      bidding will commence at the amount of the highest Qualifying Bid submitted by the Qualifying Bidders prior to the Auction;

(d)      Qualifying Bidders may then submit successive bids in increments of at least $50,000 higher than the bid at which the Auction commenced and then continue in minimum increments of at least $50,000 higher than the previous bid provided, however, that the Debtor may alter the minimum bid increments in its sole and absolute discretion;

(e)      the Proposed Purchaser shall be entitled to include as part of any and all of its subsequent bids a credit for the Expense Reimbursement;

(f)      all Qualifying Bidders shall have the right to submit additional bids and make additional modifications to the Asset Purchase Agreement or Modified Asset Purchase Agreement at the Auction, provided that any such modifications to the Asset Purchase Agreement or Modified Asset Purchase Agreement on an aggregate basis and viewed in whole, shall not be less favorable to the Debtor than the terms of the Asset Purchase Agreement;

(g)      the Auction shall continue until there is only one offer that the Debtor determines, subject to Bankruptcy Court approval, is the highest or best from among the Qualifying Bids submitted at the Auction (the "<u>Prevailing Bid</u>").  In making this decision, the Debtor shall consider, without limitation, the amount of the purchase price, the form of consideration being offered, the likelihood of the bidder's ability to close a transaction and the timing thereof, the number, type and nature of any changes to the Asset Purchase Agreement requested by each bidder, and the net benefit to

the Debtor's estate.   The bidder submitting such Prevailing Bid shall become the "<u>Prevailing Bidder</u>," and shall have such rights and responsibilities of the purchaser, as set forth in the applicable Asset Purchase Agreement or Modified Asset Purchase Agreement; and

(h)   within one (2) business days after adjournment of the Auction, the Prevailing Bidder shall complete and execute all agreements, contracts, instruments and other documents evidencing and containing the terms and conditions upon which the Prevailing Bid was made.

9.   <u>Sale Hearing</u>

The Prevailing Bid (or the Asset Purchase Agreement if no Qualifying Bid other than that of the Proposed Purchaser is received) will be subject to approval by the Bankruptcy Court.   The hearing to approve the Prevailing Bid (or the Asset Purchase Agreement if no Qualifying Bid other than that of the Proposed Purchaser is received) (the "<u>Sale Hearing</u>") shall take place no later than three (3) business days following the conclusion of the Auction.

10.   <u>Return of Deposits</u>

All deposits shall be returned to each bidder not selected by the Debtor as the Prevailing Bidder no later than five (5) business days following substantial consummation of the sale to the Prevailing Bidder.

#34614954_v2

**Exhibit B**

**Sale Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

In re:

REED AND BARTON CORPORATION,

                    Debtor.

Chapter 11

Case No. _____ (___)

## NOTICE OF AUCTION AND SALE HEARING

PLEASE TAKE NOTICE that on February 17, 2015, the above-captioned debtor and debtor in possession (the "Debtor"), by its counsel, filed with the Bankruptcy Court the *Motion For (I) An Order (A) Approving Sale Procedures In Connection With Sale Of Substantially All Of The Debtor's Assets, (B) Approving The Break-Up Fee, (C) Scheduling An Auction And Hearing To Approve The Transaction And Approving The Form And Manner Of Notice Thereof, And (D) Establishing Procedures Relating To The Assumption And Assignment Of Executory Contracts; And (II) An Order (A) Approving The Proposed Sale, (B) Authorizing The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, And (C) Granting Certain Related Relief* (the "Motion").[1]

PLEASE TAKE FURTHER NOTICE that, on [_____], 2015, the Bankruptcy Court entered an order [Docket No. ____] (the "Bid Procedures Order"), which, among other things, establishes bidding procedures (the "Bidding Procedures") that govern the manner in which the Purchased Assets (as defined in the Motion) of the Debtor are to be sold.

PLEASE TAKE FURTHER NOTICE that a copy of the Motion and the Bid Procedures Order are being served on you concurrently with this Sale Notice.

PLEASE TAKE FURTHER NOTICE that, in accordance with the terms of the Bid Procedures Order, the Debtor may conduct an open bid auction (the "Auction") on [_____,] 2015 at [__:___] (the "Auction Date") at the Bankruptcy Court for the District of Massachusetts, John W. McCormack Post Office and Court House, 5 Post Office Square, Suite 1150, Boston, Massachusetts 02109.  Only parties that have a submitted a Qualifying Bid (as defined in the Bid Procedures Order) by no later [_____], 2015 (the "Bid Deadline") will be permitted in participate in and/or make any statements on the record at the Auction.

---

[1] Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Motion.

2

PLEASE TAKE FURTHER NOTICE that at [__:__] on [_____], 2015, or as soon thereafter as counsel may be heard (the "Sale Hearing"), the Debtor shall appear before the Bankruptcy Court and seek entry of an order:

- approving the Asset Purchase Agreement, or such other form of asset purchase agreement;

- authorizing the sale of the Purchased Assets by the Debtor to the Proposed Purchaser or such other person or entity who is the Prevailing Bidder at the Auction, free and clear of Liens, other than any Permitted Liens and Assumed Liabilities;

- authorizing the assumption and assignment of certain executory contacts and unexpired leases; and

- granting certain related relief.

PLEASE TAKE FURTHER NOTICE that the terms and conditions of the proposed sale of the Purchased Assets are set forth in the Asset Purchase Agreement. The Asset Purchase Agreement represents the results of extensive arms-length negotiations conducted by the Debtor to obtain the highest and best offer for the Purchased Assets.  However, as set forth in the Bid Procedures Order, the sale remains subject to higher or better offers from any prospective Qualifying Bidder.

PLEASE TAKE FURTHER NOTICE that objections to the Motion, if any, must comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the District of Massachusetts, must be set forth in writing describing the basis therfor, and must be filed with the Bankruptcy Court and, be served upon served upon (so as to be **received** by) the following parties on or before the date that is **five (5) business days before the Sale Hearing (the "Objection Deadline")**: (i) Holland & Knight LLP, 10 St. James Avenue, Boston, MA 02116, Attn: John J. Monaghan, Esq. (john.monaghan@hklaw.com), [proposed] counsel to the Debtor; (ii) Nixon Peabody LLP, 50 Jericho Quadrangle, Jericho, NY 11753, (Attn:  Allan Cohen, Esq.) (ACohen@nixonpeabody.com), counsel to the Proposed Purchaser; (iii) the Office of the United States Trustee, District of Massachusetts, John W. McCormack Post Office and Court House, 5 Post Office Square, Suite 1000, Boston, MA 02109, Attn: _____ (_____@USDOJ.GOV); and (iv) counsel to any statutory committee appointed in this case.

PLEASE TAKE FURTHER NOTICE that the failure of any person or entity to file an objection before the Objection Deadline shall be deemed a consent to the sale of the Purchased Assets to the Proposed Purchaser or the Prevailing Bidder and the other relief requested in the Motion, and be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Auction, the sale of the Purchased Assets, the Debtor's consummation and performance of the Asset Purchase Agreement (including, without limitation, the sale of the Purchased Assets free and clear of all Liens), and the assumption and assignment of the Assumed and Assigned Contracts, if authorized by the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE that this Sale Notice is subject to the full terms and conditions of the Motion and the Bid Procedures Order, which shall control in the event of any conflict, and the Debtor encourages the parties in interest to review such documents in their entirety.

Respectfully submitted,

REED AND BARTON CORPORATION

By its proposed counsel,

HOLLAND & KNIGHT LLP

/s/ John J. Monaghan_____
John J. Monaghan (Mass Bar #546454)
Lynne B. Xerras (Mass Bar #632441)
Kathleen St. John (Mass Bar #681565)
10 St. James Avenue
Boston, MA  02116
Telephone: (617) 523-2700
Facsimile: (617) 523-6850

Dated: _____, 2015

#34504436_v2

**Exhibit C**

**Cure Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| In re: | |
| REED AND BARTON CORPORATION, | Chapter 11 |
| Debtor. | Case No. _____ (___) |

**NOTICE OF DEBTOR'S INTENT TO ASSUME AND ASSIGN CERTAIN
UNEXPIRED LEASES AND EXECUTORY CONTRACTS AND
<u>SETTING FORTH THE CURE AMOUNTS</u>**

PLEASE TAKE NOTICE that on February 17, 2015, the above-captioned debtor and debtor in possession (the "<u>Debtor</u>"), by its counsel, filed with the Bankruptcy Court the *Motion For (I) An Order (A) Approving Sale Procedures In Connection With Sale Of Substantially All Of The Debtor's Assets, (B) Approving Break-Up Fee, (C) Scheduling An Auction And Hearing To Approve The Transaction And Approving The Form And Manner Of Notice Thereof, And (D) Establishing Procedures Relating To The Assumption And Assignment Of Executory Contracts; And (II) An Order (A) Approving The Proposed Sale, (B) Authorizing The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, And (C) Granting Certain Related Relief* (the "<u>Motion</u>").[1]

PLEASE TAKE FURTHER NOTICE that, on [_____], 2015, the Bankruptcy Court entered an order [Docket No ____] (the "<u>Bid Procedures Order</u>"), which, among other things, establishes procedures relating to the assumption and assignment of Assumed and Assigned Contracts (as defined in the Motion) of the Debtor.

PLEASE TAKE FURTHER NOTICE that, on [_____], 2015 at _____ ___.m., there will be hearing (the "<u>Sale Hearing</u>"), where the Debtor will seek approval and authorization of the Asset Sale to the Proposed Purchaser or the Qualifying Bidder that submits the highest and best offer at the Auction, as applicable.

PLEASE TAKE FURTHER NOTICE that the Debtor is a party to various executory contracts and unexpired leases (collectively, the "<u>Contracts</u>") and, pursuant to the Bid Procedures Order, the Debtor intends to assume and assign such Contracts to the Prevailing Bidder (collectively, the "<u>Assumed and Assigned Contracts</u>").

---

[1] Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Motion.

PLEASE TAKE FURTHER NOTICE that you have been identified as a counterparty to an Assumed and Assigned Contract.  The Assumed and Assigned Contract with respect to which you have been identified as a counterparty, and the corresponding proposed cure amount (the "Cure Amount") are set forth on Schedule 1 annexed hereto.

PLEASE TAKE FURTHER NOTICE that the Debtor believes that any and all defaults (other than the filing of this chapter 11 case) and actual pecuniary losses under the Assumed and Assigned Contracts can be cured by the payment of the Cure Amount.

PLEASE TAKE FURTHER NOTICE that the assumption and assignment of any Assumed and Assigned Contract shall result in the full release and satisfaction of any claims or defaults, whether monetary or non-monetary.

PLEASE TAKE FURTHER NOTICE that any objection to the proposed assumption and assignment of any Assumed and Assigned Contract or to the amount of the Cure Amount must (a) be in writing; (b) state with specificity the nature of such objection and/or the alleged Cure Amount (with appropriate documentation in support thereof); (c) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of the Bankruptcy Court; and (d) be filed with the Bankruptcy Court and served upon (so as to be **received** by) the following parties on or before [_:__] p.m. (prevailing Eastern Time) on [_____], 2015 (the "Objection Deadline"):  (i) Holland & Knight LLP, 10 St. James Avenue, Boston, MA 02116, Attn: John J. Monaghan, Esq. (john.monaghan@hklaw.com), [proposed] counsel to the Debtor; (ii) Nixon Peabody LLP, 50 Jericho Quadrangle, Jericho, NY 11753 (Attn:    Allan Cohen) (ACohen@nixonpeabody.com), counsel to the Proposed Purchaser; (iii) the Office of the United States Trustee, District of Massachusetts, John W. McCormack Post Office and Court House, 5 Post Office Square, Suite 1000, Boston, MA 02109, Attn: _____ (_____@USDOJ.GOV); and (iv) counsel to any statutory committee appointed in this case.

PLEASE TAKE FURTHER NOTICE that any counterparty failing to timely file an objection to a Cure Amount or the proposed assumption and assignment of an Assumed and Assigned Contract shall be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts against the Debtor, its estate, or the Proposed Purchaser with respect to its Contract and will be deemed to consent to the Asset Sale and the proposed assumption and assignment of its Contract.

PLEASE TAKE FURTHER NOTICE that where a counterparty to an Assumed and Assigned Contract files a timely objection asserting a higher cure amount than the Cure Amount, and the parties are unable to consensually resolve the dispute prior to the Sale Hearing, the amount to be paid under section 365 of the Bankruptcy Code with respect to such objection will be determined at the Sale Hearing or such other date and time as may be fixed by the Bankruptcy Court.  All other objections to the proposed assumption and assignment of the Assumed and Assigned Contracts will be heard at the Sale Hearing.

PLEASE TAKE FURTHER NOTICE that if no Cure Amount is due under the Assumed and Assigned Contract, and the counterparty to such agreement does not otherwise object to the assumption and assignment of such agreement, no further action needs to be taken on the part of that counterparty.

PLEASE TAKE FURTHER NOTICE that the Debtor's decision to assume and assign the Assumed and Assigned Contracts is subject to Bankruptcy Court approval and consummation of the Asset Sale.  Absent consummation of the Asset Sale, each Assumed and Assigned Contract shall not be deemed assumed and assigned and shall in all respects be subject to further administration under the Bankruptcy Code.  The designation of any agreement as an Assumed and Assigned Contract shall not constitute or be deemed to be a determination or admission by the Debtor or the Proposed Purchaser that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved).  The Proposed Purchaser holds the absolute right to remove any contract from those to be Assumed and Assigned at any time prior to the Sale Hearing.  Notice of any amendment to Schedule 1 shall be provided to any affected parties.

Respectfully submitted,

REED AND BARTON CORPORATION

By its proposed counsel,

HOLLAND & KNIGHT LLP


/s/ John J. Monaghan_____
John J. Monaghan (Mass Bar #546454)
Lynne B. Xerras (Mass Bar #632441)
Kathleen St. John (Mass Bar #681565)
10 St. James Avenue
Boston, MA  02116
Telephone: (617) 523-2700
Facsimile: (617) 523-6850

Dated:  February __, 2015

## Schedule 1