UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| In re: | ) |
| | ) |
| REED AND BARTON CORPORATION, | ) |
| | ) Case No. 15-10534 |
| Debtor | ) Chapter 11 |
| | ) |

**UNITED STATES TRUSTEE'S OBJECTION
TO INTERIM APPROVAL OF DEBTOR'S MOTION
FOR ORDERS AUTHORIZING POST-PETITION FINANCING,
GRANTING LIENS AND SUPERPRIORITY
ADMINISTRATIVE EXPENSE STATUS AND AUTHORIZING
USE OF CASH COLLATERAL
(WITH CERTIFICATE OF SERVICE)**

TO THE HONORABLE HENRY J. BOROFF
UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 1, objects to interim approval of the motion ("Motion") *(Docket #10)* for orders authorizing Reed and Barton Corporation ("Debtor") to obtain post-petition financing from Rockland Trust ("Rockland") and granting Rockland super priority administrative expense status and priming liens, because:

- it provides Rockland relief exceeding that required to prevent irreparable harm pending a final hearing on the Motion; and

- it violates MLBR 4001-2(c).

In support, the United States Trustee states:

**JURISDICTION, VENUE AND BASIS FOR RELIEF**

1. The Court has jurisdiction over this matter under 28 U.S.C. 157 and 1334.

2. This is a core proceeding under 28 U.S.C. 157(b)(2)(A).

3. Venue is proper in this court under 28 U.S.C. 1408 and 1409.

4. The legal basis for relief includes 28 U.S.C. 586(a)(3), 11 U.S.C. 307 and 361, 363(c)(2) and 364(c), (d) and (e), Fed. R. Bankr. P. 4001(b) and 6003 and MLBR 4001-2(c).

**FACTS**

5. The Debtor filed its voluntary chapter 11 petition on February 17, 2015.

6. The Debtor owes Rockland up to $4,700,000 under pre-petition term and line of credit facilities. *See Interim Financing Order* ("Interim Financing Order") *(Docket #10-1)* at 6-7 of 38; *Declaration of Timothy K. Riddle in Support of First Day Motions and Applications* ("Riddle Affidavit") *(Docket #14)* at 6-8 of 36. The Debtor secured its obligations under these facilities by granting to Rockland first priority liens on substantially all of its personal property. *Interim Financing Order* at 7 of 38.

7. Under the Motion, the Debtor proposes to borrow an additional $1,500,000 from Rockland on an interim basis, secured by priming first priority liens on Rockland's pre-petition collateral, the estate's avoidance actions under 11 U.S.C. 549 and the Debtor's real estate. *Interim Financing Order* at 13-14 of 38.

8. The Motion also:

    a. grants Rockland's post-petition advances superpriority status over all administrative expenses under 11 U.S.C. 364(c) and (d), subject to a $50,000 professional fee carveout for a creditors' committee;

    b. requires the Debtor to concede the amount of its pre-petition obligations to Rockland, as well the validity and priority of Rockland's liens;

    c. requires the Debtor to concede that it has no defenses to Rockland's pre-petition claims;

    d. rolls up Rockland's pre-petition facilities into its post-petition DIP facility, according all of it superpriority administrative status;

    e. contains a waiver under 11 U.S.C. 506(c); and

    f. requires the Debtor to pay Rockland's attorneys' fees, without Rockland's having to request prior Court approval under 11 U.S.C. 506(b).

*Id*. *See Budget* ("Budget"), *Docket #14* at 33-36.

9. Based upon information and belief and subject to further discovery:

    a. Rockland was oversecured as to its pre-petition claim as of the petition date; and

    b. Rockland, were it to make post-petition advances to the Debtor per the Budget, would be adequately protected by replacement liens on its pre-petition collateral, depending upon the calculation of eligible inventory and receivables and availability.

*See Interim Financing Order; Riddle Affidavit; Budget.*

**ARGUMENT**

10. Pending a final hearing and to prevent irreparable harm, the Court should not grant Rockland the escalating series of inducements provided under 11 U.S.C. 364(c) and (d), including superpriority administrative expense status, priming liens on its existing collateral and new liens on the estate's post-petition avoidance actions and the Debtor's real property, because, given the asset values suggested by the Motion, the Riddle Affidavit and the Budget, Rockland might be adequately protected by replacement liens. *Id.* 11 U.S.C. 361, 364(c) and (d), Fed. R. Bankr. P. 4001(b) and 6003 and MLBR 4001-2(c).

11. The terms of the post-petition borrowing summarized in paragraph 8 above violate MLBR 4001-2(c) and overreach. A creditors' committee may also need more than 60

days to review Rockland's pre-petition debt and liens, particularly where, as here, the Debtor's concessions bind the estate and its successors.

12.    Pending a final hearing and to prevent irreparable harm, the Court should also authorize the Debtor to use Rockland's cash collateral on an interim basis, subject to its granting Rockland replacement liens on its existing collateral. 11 U.S.C. 361 and 363(c)(2), Fed. R. Bankr. P. 4001(b) and 6003 and MLBR 4001-2(c).

**REQUESTED RELIEF**

For these reasons, the United States Trustee requests that the Court enter orders: 1) authorizing the Debtor to use Rockland's cash collateral and to borrow on an interim basis per the Budget, subject to its granting Rockland replacement liens on its existing collateral; and 2) granting him all such other and further legal and equitable relief to which he may be entitled.

    Respectfully submitted,

    WILLIAM K. HARRINGTON
    UNITED STATES TRUSTEE,
    REGION 1

By:    */s/ Eric K. Bradford*
    Eric K. Bradford BBO#560231
    United States Department of Justice
    John W. McCormack Post Office & Courthouse
    5 Post Office Square, 10th Floor, Suite 1000
    Boston, MA 02109-3934
    PHONE:    (617) 788-0415
    FAX:    (617) 565-6368
    Eric.K.Bradford@USDOJ.gov

Dated: February 18, 2015.

## CERTIFICATE OF SERVICE

     I certify that on February 18, 2015, true and correct copies of the foregoing objection were served via CM/ECF upon the individuals who have filed notices of appearance in the Court's CM/ECF database, including the Debtor's counsel, who is listed below.

>                              WILLIAM K. HARRINGTON
>                              UNITED STATES TRUSTEE,
>                              REGION 1
>
> By:     */s/ Eric K. Bradford*
>              Eric K. Bradford BBO#560231
>              United States Department of Justice
>              John W. McCormack Post Office & Courthouse
>              5 Post Office Square, 10th Floor, Suite 1000
>              Boston, MA 02109-3934
>              PHONE:     (617) 788-0415
>              FAX:            (617) 565-6368
>              Eric.K.Bradford@USDOJ.gov

Dated: February 18, 2015.

Mark N. Berman on behalf of Interested Party Lifetime Brands, Inc.
mberman@nixonpeabody.com, bos.managing.clerk@nixonpeabody.com

John J. Monaghan on behalf of Debtor Reed and Barton Corporation
bos-bankruptcy@hklaw.com

Donald E. Rothman on behalf of Creditor Rockland Trust Company
drothman@riemerlaw.com