## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

|  |  |
|---|---|
| In re: | |
| REED AND BARTON CORPORATION, | Chapter 11 |
| Debtor. | Case No. 15-10534 (HJB) |

### DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING PRIVATE SALE OF PROPERTY OF THE ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES

Reed and Barton Corporation ("Reed and Barton" or the "Debtor"), the debtor and debtor-in-possession in the above-captioned chapter 11 case, hereby submits this motion (the "Motion") pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1, 2002-5, and 6004-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Massachusetts (the "Local Rules" or "MLBR") for entry of an order authorizing and approving the private sale of the Debtor's personal property located in its showroom located at 41 Madison Avenue, New York, New York 10010 (the "New York Showroom") to Libbey Glass, Inc. for the sale price of ten thousand dollars ($10,000) free and clear of all liens, claims, and encumbrances. A corresponding Notice of Intended Sale of Property (the "Notice") is attached hereto as **Exhibit A**. In support of this Motion, the Debtor respectfully represents as follows:

## JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N) and (O). Venue of this case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, and Bankruptcy Rules 2002(a)(2) and 6004.

## BACKGROUND

3.      On February 17, 2015 (the "Petition Date"), the Debtor commenced the above-captioned chapter 11 case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court.

4.      The Debtor continues to operate its business and manage its properties as Debtor-in-possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Case.

5.      On March 17, 2015, the U.S. Trustee filed a notice of *Appointment of an Official Committee of Unsecured Creditors*. The Committee has retained Steven Pohl, Esq. of Brown Rudnick LLP as its counsel.

6.      On the Petition Date, the Debtor filed the *Debtor's Motion For (I) An Order (A) Approving Sale Procedures in Connection With Sale of Substantially All of the Debtor's Assets, (B) Approving the Break-Up Fee, (C) Scheduling an Auction and Hearing to Approve the Transaction and Approving the Form and Manner of Notice Thereof, and (D) Establishing Procedures Relating to the Assumption and Assignment of Executory Contracts; and (II) An Order (A) Approving the Proposed Sale, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief* [Docket No. 12] (the "Bidding Procedures Motion"), seeking, among other things, approval of (i)

the proposed sale of substantially all of the Debtor's non-real estate assets (exclusive of the Property, as defined below) under the terms of an Asset Purchase Agreement (the "APA") between the Debtor and Lifetime Brands, Inc. ("Lifetime"), subject to solicitation of higher and better offers and entry of an order of this court approving the transaction, and (ii) of the procedures related thereto. Pursuant to the APA, Lifetime agreed to pay all costs associated with the Debtor's retaining the New York Showroom through April 2015, and of the Debtor's participation in the April 2015 NY Tabletop Show. On March 23, 2015, the Court entered an order approving the Bidding Procedures Motion, and scheduling an auction and sale hearing for April 28, 2015.

7.      Pursuant to the *Motion of the Debtor for Entry of an Order Authorizing Rejection of Unexpired Lease of Nonresidential Real Property Located at 41 Madison Avenue, New York, New York 10010 as of April 30, 2015* (the "Motion to Reject") filed contemporaneously herewith, the Debtor seeks to reject the lease agreement (the "Lease") between the Debtor and 41 Madison L.P. (as successor to 41 Madison Company) (the "Landlord") regarding the New York Showroom.

## RELIEF REQUESTED

8.      By this Motion, the Debtor seeks entry of an order approving and authorizing the sale of the Property (as defined below) located in the New York Showroom by private sale free and clear of all liens, claims, and encumbrances, to Libbey Glass, Inc. ("Libbey" or the "Proposed Purchaser") a Delaware corporation with offices located at 300 Madison Avenue, Toledo, Ohio for the sum of $10,000.00.

### PROPOSED SALE AND PROPOSED PURCHASER

9.        As described above, the Debtor has sought authority from the Court to reject the

Lease as of April 30, 2015, and now seeks authority to sell the personal property of the Debtor

located in the New York Showroom, including, but not limited to, all furniture (desks, chairs,

sofas, dining tables, coffee tables, conference tables, display tables, filing cabinets, etc.),

furnishings (rugs, display pedestals, mirrors, lamps, decorative faux plants, etc.), fixtures (built-

in shelving units, freestanding shelving units, etc.), electronics (speakers, iPod docking system,

etc.), office supplies (phones, printers, fax machines, shredders, pens, paper, etc.), kitchen

appliances and utensils (refrigerator, coffee maker, dish rack, microwave, etc.), and items

manufactured, sold and/or distributed by Reed and Barton (flatware, crystal, serveware,

drinkware/barware, picture frames, jewelry boxes, baby gift collectibles, giftware, etc.)

(collectively, the "Property").[1] The furniture, fixtures, electronics, office supplies, kitchen

appliances and utensils have significant wear and tear from use in the New York Showroom. The

items manufactured, sold, and/or distributed by Reed and Barton are also in used condition,

having historically been display samples in the New York Showroom, and in many instances are

unboxed, damaged, and/or incomplete.

10.        After the Petition Date, the Debtor sought both to engage a liquidator to conduct a

sale of the contents of the New York Showroom and solicited bids for the Property.    It

approached well-regarding liquidators, such as Hillco and Gordon Brothers, both of which

declined either the opportunity to conduct a sale or to bid for the assets.    The Debtor also sought

---

[1] The Property is "Excluded Tangible Property" under the terms of the APA, and is therefore not included in the
contemplated sale of substantially all of the Debtor's non-real estate assets to Lifetime.

bids from known buyers of the type of personalty comprising the Property. No offers were received. The Proposed Purchaser's offer was the only offer received.

11.     Libbey has made an offer to purchase the Property, and in consideration of the acquisition of the Property, Libbey has agreed to pay $10,000 in cash (the "Purchase Price").

12.     Libbey has been negotiating with the Landlord to enter into a lease agreement for the New York Showroom after the Debtor vacates the premises. As such, the sale of the Property to Libbey would provide the additional benefit of enabling the Debtor to leave the Property in the New York Showroom upon the effectiveness of its rejection of the Lease, and avoid the incurrence of costs associated with the removal, packing, and shipment of the Property prior to the expiration of the Lease, or alternatively the risk of incurring additional costs under the Lease if the Debtor is unable to remove the Property from the New York Showroom prior to the effective date of its rejection of the Lease.

13.     As stated above, despite the Debtor's efforts to solicit offers for the Property, the offer from Libbey is the sole offer received for the Property.

14.     Given the fairly minimal amount of the Purchase Price, and given that two nationally known and highly regarded liquidators declined the opportunity to conduct a public sale, the Debtor believes that little benefit would be realized from soliciting additional bids. More importantly, the time attendant upon a bid solicitation process would negate a major benefit of the proposed sale—the avoidance of the incurrence of use and occupancy charges in the event that the Property is not removed from the New York Showroom or the costs attendant upon removing the Property from the New York Showroom. The Debtor, therefore, submits that approval of the sale is appropriate and is in the best interest of the Debtor and its estate.

## BASIS FOR RELIEF

15.     The Debtor has determined in its sound business judgment that it is in the best interest of its estate, its creditors, and all parties-in-interest for the Debtor to sell the Property in a private sale to Libbey.

16.     Pursuant to Bankruptcy Rule 6004(f)(1), sales of estate property outside of the ordinary course of business may be conducted by private sale or by public auction. Fed. R. Bankr. P. 6004(f)(1). Bankruptcy Rule 2002(c)(1) provides that, subject to Bankruptcy Rule 6004, the notice of a proposed use, sale, or lease of property as required under Bankruptcy Rule 2002(a)(2) must include the terms and condition of any private sale and the time fixed for filing objections. Fed. R. Bankr. P. 2002(c)(1).

17.     In accordance with Bankruptcy Rules 6004(f)(1), 2002(a)(2), and 2002(c)(1), the Notice clearly sets forth the terms and conditions of the private sale of the Property to Libbey, and the time by which objections to this Motion and any counteroffers for the purchase of the Property, if any, must be received.

I.      **THE PROPOSED PRIVATE SALE OF THE DEBTOR'S PROPERTY SHOULD BE GRANTED FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES.**

A.      **The Proposed Sale is Within the Debtor's Sound Business Judgment.**

18.     The relief requested herein is appropriate under section 363(b)(1) of the Bankruptcy Code, which provides that "[t]he trustee [or debtor-in-possession where no trustee has been appointed], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

19.     Courts in this jurisdiction will approve a "debtor in possession's use, sale or lease of property of the estate where the debtor has used reasonable business judgment and articulated a business justification for such use." *In re SW Boston Hotel Venture, LLC*, 2010 WL 3396863 at

*3 (Bankr. D. Mass. Aug. 27, 2010) (citing *In re Chateaugay Corp.*, 973 F.2d 141, 143 (2d Cir. 1992)).

20.    The debtor's exercise of its business judgment is entitled to deference, because "[i]n determining whether to approve the business decision of a debtor-in-possession or a trustee, the 'bankruptcy court sits as an overseer of the wisdom with which the estate's property is being managed by the trustee or debtor-in-possession, and not, as it does in other circumstances, as the arbiter of disputes between creditors and the estate.'" *In re Aerovox, Inc.*, 269 B.R. 74, 80 (Bankr. D. Mass. 2001) (quoting *In re Orion Pictures Corp.*, 4 F.3d 1095, 1099 (2d Cir. 1993)). Once a debtor articulates a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'" *In re Integrated Resources, Inc.*, 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)). Accordingly, the debtor's business decision "should be approved by the court unless it is shown to be so manifestly unreasonable that it could not be based upon sound business judgment, but only on bad faith, whim or caprice." *In re Cadkey Corp.*, 317 B.R. 19, 22-23 (D. Mass. 2004); *In re Aerovox, Inc.*, 269 B.R. at 80.

21.    In this case, the Debtor believes that a private sale of the Property pursuant to section 363 represents the best opportunity for it to maximize the value of its assets for the benefit of creditors in light of the limited market for the Property.    At least equally as importantly, the Debtor believes that the proposed sale represents the best opportunity to avoid the incurrence of unnecessary expenses associated with the removal of the Property from the

New York Showroom, or incurring additional costs under the Lease as a result of the Property remaining in the New York Showroom beyond April 30, 2015.

22.    The Purchase Price is fair and reasonable, and, the Debtor believes that the proposed transaction with Libbey represents the highest and best offer for the Property.

**B.    A Private Sale of the Assets is Appropriate Under Bankruptcy Rule 6004.**

23.    Pursuant to Bankruptcy Rule 6004(f), a trustee or debtor in possession is permitted to conduct out of the ordinary course sales of estate property pursuant to section 363 by private sale or public auction. Fed. R. Bankr. P. 6004(f)(1). *See also In re WPRV-TV, Inc.*, 143 B.R. 315, 319 (D. P.R. 1991), *vacated on other grounds*, 165 B.R. 1 (D.P.R. 1992), *aff'd in part, rev'd in part*, 983 F.2d 336 (1st Cir. 1993) (noting that section 363 grants the trustee or debtor in possession "ample discretion to administer the estate, including authority to conduct public or private sales of estate property").

24.    Courts in this district and other jurisdictions have approved the sale of estate property under section 363(b) through private sales. *See, e.g., In re Greenfield Silver, Inc.*, No. 09-32228 (HJB) (Bankr. D. Mass. June 26, 2014); *In re Adamson*, 312 B.R. 16 (Bankr. D. Mass. 2004); *In re Peptimmune, Inc.*, No. 11-12298 (WCH) (Bankr. D. Mass. Oct. 18, 2011); *In re Solutia, Inc.*, No. 03-17949 (SCC) (Bankr. S.D.N.Y. Dec. 28, 2006); *In re W.R. Grace & Co.*, No. 01-01139 (JKF) (Bankr. D. Del. Dec, 18, 2008).

25.    The Debtor submits that the private sale of the Property is appropriate in light of the circumstances of this Chapter 11 Case, particularly the Debtor's pending Motion to Reject, through which it has sought authority from the Court to reject the Lease of the New York Showroom as of April 30, 2015. The Debtor has marketed the Property and believes that it is unlikely that competitive bidders will subsequently submit higher and better offers for the

Property. The chance that a higher or otherwise better offer for the Property could theoretically be submitted is outweighed by the cost and risk associated with a delay of the sale. As the contemplated subsequent lessee of the New York Showroom upon the Debtor's intended rejection of the Lease, Libbey has offered to take possession of the Property in the New York Showroom, thereby enabling the Debtor to avoid incurrence of any additional costs associated with removal or shipment of the Property. The proposed transaction described herein will allow the Debtor to maximize the value of the Property and provide a significant benefit to the Debtor's estate. The Debtor submits that the delay and additional costs of conducting an auction are not necessary, and requests that the Court approve the proposed private sale to Libbey.

**C.    The Sale of Assets Free and Clear of Liens, Claims, and Interests Is Authorized Under Bankruptcy Code Section 363(f).**

26.    It is appropriate to sell the Property free and clear of all interests, pursuant to section 363(f) of the Bankruptcy Code, with all such interests attaching to the net sale proceeds of the Property to the extent applicable. Section 363(f) of the Bankruptcy Code authorizes a debtor to sell assets free and clear of liens, claims, interests and encumbrances of an entity other than the estate if:

1.    applicable non-bankruptcy law permits sale of such property free and clear of such interests;
2.    such entity consents;
3.    such interest is a lien and the price at which such property is to be sold is greater than the value of all liens on such property;
4.    such interest is in bona fide dispute; or
5.    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). This provision is supplemented by section 105(a) of the Bankruptcy Code, which provides that "[t]he Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

27.     Because section 363(f) of the Bankruptcy Code is drafted in the disjunctive, satisfaction of any one of its five requirements will suffice to permit the sale of the Property free and clear of the interests. *In re Dundee Equity Corp.*, 1992 WL 53743 at *4 (Bankr. S.D.N.Y. Mar. 6, 1992) ("Section 363(f) is in the disjunctive, such that the sale free of interest concerned may occur if any one of the conditions of § 363(f) have been met."); *In re Wolverine Radio Co.*, 930 F.2d 1132, 1147 n. 24 (6th Cir. 1991) (stating that Bankruptcy Code section 363(f) is written in the disjunctive; holding that the court may approve the sale "free and clear" provided at least one of the subsections of section 363(f) is met).

28.     Here, Rockland Trust Company, the post-petition lender under a DIP Credit Facility approved by final order of this Court dated April 1, 2015 [Docket No. 154] as well as the prepetition lender, which holds first priority, valid, perfected and enforceable liens on substantially all of the Debtor's real and personal property, including the Property, has consented to the sale of the Property to Libbey as described herein on the condition that, to the extent it has not been paid in full prior to a closing of the sale of the Property to Libbey, that the sale proceeds be delivered to Rockland Trust at closing.  The Debtor proposes that it be authorized to deliver all sale proceeds to Rockland Trust to the extent that Rockland has not been paid in full as of the closing.  Therefore, section 363(f)(2) will be satisfied with respect to the transfer of the Property pursuant to a sale order.

## II.    THE COURT SHOULD WAIVE OR REDUCE THE FOURTEEN DAY STAY PERIOD OF BANKRUPTCY RULE 6004(H).

29.     In addition, the Debtor seeks a waiver of any stay of effectiveness of any order approving the relief requested in this Motion. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr.

P. 6004(h). In order to preserve the value of the estate and avoid the incurrence of unnecessary costs under the Lease that provide no benefit to the estate, it is imperative that the Debtor be authorized to close the sale as soon as possible. Accordingly, the Debtor submits that ample cause exists to justify a waiver of the fourteen day stay under Bankruptcy Rule 6004(h).

### Notice

30.     The Debtor will provide the Notice regarding this Motion as well as a copy of this Motion by first-class mail postage prepaid to: (i) the United States Trustee for the District of Massachusetts; (ii) counsel to the Official Committee of Unsecured Creditors; (iii) counsel to Rockland Trust Company; (iv) all relevant taxing authorities; (v) all parties that have requested special notice pursuant to Bankruptcy Rule 2002; and (vi) all other entities known to have expressed an interest in a transaction with respect to all or part of the Property. The Notice will include the time and place of the sale hearing and the deadline for filing any objections to the relief requested herein or counteroffers to purchase the Property.

31.     The Debtor respectfully submits that such notice constitutes adequate and reasonable notice to the parties under the circumstances.

### NO PRIOR REQUEST

No previous motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor requests the entry of an order approving the sale of the Property to Libbey Glass, Inc. by way of private sale and on the terms set forth herein, free and clear of all liens, claims, and encumbrances and granting such other and further relief as is just and proper.

Respectfully submitted,

REED AND BARTON CORPORATION

By its counsel,

HOLLAND & KNIGHT LLP

/s/ John J. Monaghan
John J. Monaghan (Mass Bar #546454)
Lynne B. Xerras (Mass Bar #632441)
Kathleen St. John (Mass Bar #681565)
10 St. James Avenue
Boston, MA 02116
Telephone: (617) 523-2700
Facsimile: (617) 523-6850

Dated: April 10, 2015

**Exhibit A**

**Sale Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

|  |  |
|---|---|
| In re:<br><br>REED AND BARTON CORPORATION,<br><br>Debtor. | Chapter 11<br><br>Case No. 15-10534 (HJB) |

**NOTICE OF INTENDED PRIVATE SALE OF DEBTOR'S PERSONAL PROPERTY LOCATED IN ITS SHOWROOM LOCATED AT 41 MADISON AVENUE, NEW YORK, NEW YORK 10010 FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES, DEADLINE FOR SUBMITTING OBJECTIONS AND HIGHER OFFERS, AND HEARING DATE**

_____ **IS THE DATE OF THE PROPOSED SALE.**

_____ **IS THE DATE BY WHICH OBJECTIONS MUST BE MADE.**

**NOTICE IS HEREBY GIVEN**, pursuant to 11 U.S.C. § 363, Fed. R. Bankr. P. 2002(a)(2) and 6004, and MLBR 2002-5 and 6004-1, that the Debtor in the above-captioned chapter 11 proceeding intends to sell at private sale the Debtor's right, title, and interest in certain property of the estate.

**PROPERTY TO BE SOLD:** The property to be sold consists of the Debtor's personal property located in its leased showroom at 41 Madison Avenue, New York, New York 10010, including, but not limited to, all furniture (desks, chairs, sofas, dining tables, coffee tables, conference tables, display tables, filing cabinets, etc.), furnishings (rugs, display pedestals, mirrors, lamps, decorative faux plants, etc.), fixtures (built-in shelving units, freestanding shelving units, etc.), electronics (speakers, iPod docking system, etc.), office supplies (phones, printers, fax machines, shredders, pens, paper, etc.), kitchen appliances and utensils (refrigerator, coffee maker, dish rack, microwave, etc.), and items manufactured, sold and/or distributed by

Reed and Barton (flatware, crystal, serveware, drinkware/barware, picture frames, jewelry boxes, baby gift collectibles, giftware, etc.) (collectively, the "Property"). The furniture, fixtures, electronics, office supplies, kitchen appliances and utensils have significant wear and tear from use in the New York Showroom. The items manufactured, sold, and/or distributed by Reed and Barton are also in used condition, having historically been display samples in the New York Showroom, and in many instances are unboxed, damaged, and/or incomplete.

A list of the Property to be sold is attached as **Exhibit 1** to this notice.

**THE OFFER:** The Debtor has received an offer to purchase the Property for the sum of Ten Thousand and 00/100 Dollars ($10,000.00) in cash.

**THE PROPOSED PURCHASER:** The proposed purchaser is Libbey Glass, Inc., a Delaware corporation with offices located at 300 Madison Avenue, Toledo, Ohio 43604 (the "Proposed Purchaser"). The Proposed Purchaser is not an insider of the Debtor, as that term is defined in 11 U.S.C. § 101(31).

**THE SALE:** The sale is expected to take place on or before April 28, 2015. The terms of the proposed sale are more particularly described in the *Debtor's Motion for Entry of an Order Authorizing and Approving Private Sale of Property of the Estate Free and Clear of All Liens, Claims, and Encumbrances* (the "Motion to Approve Sale") filed with the Court on April 10, 2015. The Motion to Approve Sale is available at no charge upon request from the undersigned.

**SALE FREE AND CLEAR OF LIENS:** The Property will be sold free and clear of all liens, claims, and encumbrances. Any perfected, enforceable, valid liens shall attach to the proceeds of the sale according to priorities established under applicable law.

**OBJECTIONS:** Any objections to the sale must be filed in writing with the Clerk, United States Bankruptcy Court at 300 Main Street, Springfield, Massachusetts, 01105 on or

2

before April 28, 2014 at 4:00 PM (the "Objection Deadline"). A copy of any objection also shall be served upon the following:                      . Any objection to the sale must state with particularity the grounds for the objection and why the intended sale should not be authorized. Any objection to the sale shall be governed by Fed. R. Bankr. P. 9014.

**HEARING:** A hearing on the Motion to Approve Sale and any objections is scheduled to take place on April 28, 2015 at 10:00 A.M., before the Honorable Henry J. Boroff, United States Bankruptcy Judge, at United States Courthouse, 300 State Street, Springfield, Massachusetts, 01105. Any party who has filed an objection is expected to be present at the hearing, failing which the objection will be overruled. The Court may take evidence at the sale hearing to resolve issues of fact.

If no objection to the Motion to Approve Sale is timely filed, the Bankruptcy Court, in its discretion, may cancel the scheduled hearing and approve the sale without hearing. Any offer not timely received, or not complying with these conditions, may not be considered. Any objection or request for hearing must be filed and served within the time established by the Court.

The Court may modify the method of sale set forth in this Notice at or prior to the hearing on the proposed sale.

#35153526_v2

Any questions concerning the intended sale shall be addressed to the undersigned.

Respectfully submitted,

REED AND BARTON CORPORATION

By its counsel,

HOLLAND & KNIGHT LLP

/s/ John J. Monaghan
John J. Monaghan (Mass Bar #546454)
Lynne B. Xerras (Mass Bar #632441)
Kathleen St. John (Mass Bar #681565)
10 St. James Avenue
Boston, MA  02116
Telephone: (617) 523-2700
Facsimile: (617) 523-6850

Dated: _____, 2015

4

**Exhibit 1**
**Inventory List of the Property[1]**

| FURNITURE | |
|---|---|
| Desks: | 3 |
| Chairs: | 38 (10 folding) |
| Sofas: | 1 |
| Dining Tables: | 1 |
| Round Tables: | 5 |
| Coffee Tables: | 1 |
| Display Tables: | 4 |
| Conference Tables: | 2 |
| Sofa Tables: | 2 |
| Buffet Tables: | 1 |
| Filing Cabinets: | 3 |
| Pendant Lights: | 3 |
| **FURNISHINGS** | |
| Rugs: | 1 |
| Display Pedestals: | 8 |
| Mirrors: | 1 |
| Lamps: | 8 |
| Decorative faux plants/topiaries: | Various displayed throughout Showroom |
| **FIXTURES** | |
| Built-in Shelving Units: | 36 |
| Freestanding Shelving Units: | 14 |
| **ELECTRONICS** | |
| Speakers | Various throughout showroom |
| iPod Dock: | 1 |
| **OFFICE SUPPLIES** | |

---

[1] The furniture, fixtures, electronics, office supplies, kitchen appliances and utensils have significant wear and tear from use in the New York Showroom. The items manufactured, sold, and/or distributed by Reed and Barton are also in used condition, having historically been display samples in the New York Showroom, and in many instances are unboxed, damaged, and/or incomplete.

| Phones: | 3 |
|---|---|
| Printers: | 3 |
| Fax Machines: | 1 |
| Shredders: | 1 |
| Heaters: | 1 |
| **KITCHEN APPLIANCES AND UTENSILS** | |
| Refrigerator: | 1 |
| Coffee Maker: | 1 |
| Dish Rack: | 1 |
| Microwave: | 1 |
| **ITEMS MANUFACTURED, SOLD AND/OR DISTRIBUTED BY REED AND BARTON** | |
| Flatware: | Various sample sets of flatware and cutlery |
| Drinkware/Barware/Serveware/Crystal: | Various Glasses, Flutes, Cocktail Shakers, Wine Coolers/Coasters, Decanters, Ice Buckets, Pitchers, Bowls, Candlesticks, Hurricanes, Trays, Platters |
| Picture Frames: | Approximately 225 |
| Jewelry Boxes: | Approximately 90 |
| Baby Gifts: | Various Cups, Plates, Music Boxes, Figurines, Brush Sets, Music Boxes |
| Giftware: | Various Snow globes, Clocks, Ornaments, Trophies, Vases |

2

## CERTIFICATE OF SERVICE

I, John J. Monaghan, counsel to the Debtor in the above-captioned bankruptcy proceeding, do hereby certify that on April 10, 2015, I served the foregoing *Debtor's Motion for Entry of an Order Authorizing and Approving Private Sale of Property of the Estate Free and Clear of all Liens, Claims and Encumbrances* upon the attached list of interested parties by first-class mail, postage prepaid, and/or by ECF, as indicated.

/s/ John J. Monaghan _____

#35071595_v1

## SERVICE LIST

### U.S. TRUSTEE

Eric K. Bradford, Esq.
Office of the U.S. Trustee
John W. McCormack Post Office/Court
  House
5 Post Office Square, Suite 1000
Boston, MA  02109
*By ECF*

### SECURED CREDITORS

Donald E. Rothman, Esq.
Alexander G. Rheaume, Esq.
Riemer & Braunstein LLP
Three Center Plaza, 6th Floor
Boston, MA  02108
***Counsel to Rockland Trust Company***
*By ECF*

### TAXING AUTHORITIES

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346
*By First-Class Mail*

Massachusetts Department of Revenue
Bankruptcy Unit
P.O. Box 9564
Boston, MA 02114
*By First-Class Mail*

City of Taunton Treasurer/Collector
141 Oak Street
Taunton, MA 02780
*By First-Class Mail*

Town of Norton Treasurer/Collector
70 East Main Street
Norton, MA 02766
*By First-Class Mail*

### ENVIRONMENTAL AGENCIES

U.S. Environmental Protection Agency
Region 1
5 Post Office Square, Ste. 100
Mail Code: OES04-4
Boston, MA 02109-3912
*By First-Class Mail*

MA Dept. of Environmental Protection
1 Winter Street
Boston, MA  02108
*By First-Class Mail*

RI Dept. of Environmental Management
235 Promenade Street
Providence, RI 02908-5767
*By First-Class Mail*


## ADDITIONAL NOTICE PARTIES

Steven D. Pohl, Esq.
Christopher M. Floyd, Esq.
Brown Rudnick LLP
One Financial Center
Boston, MA 02111
***Counsel to the Official Committee of
Unsecured Creditors***
*By ECF*

Brad Q. Rogers, Esq.
Pension Benefit Guaranty Corporation
Office of the Chief Counsel
1200 K Street, N.W.
Washington, DC 20005
*By ECF*

Marc D. Rosenberg, Esq.
Golenbock Eiseman Assor Bell & Peskoe
LLP
437 Madison Avenue
New York, NY 10022-7020
***Counsel to 41 Madison L.P.***
*By First-Class Mail*

Rolf Glass
Attn: Rolf Poeting
402 East Main Street
Mt. Pleasant, PA 15666
*By First-Class Mail*

Richard L. Blumenthal, Esq.
Law Offices of Richard L. Blumenthal
51 Winchester Street, Suite 205
Newton, MA 02461
***Counsel to B&J Manufacturing Corp.***
*By ECF*

Rosse and Associates
Attn: Chris Rosse
230 Spring Street NW, Suite 818
Atlanta, GA 30303
*By First-Class Mail*

James B. Heffernan, Esq.
Rich May, P.C.
176 Federal Street, 6th Floor
Boston, MA 02110
***Counsel to Loretta Krebel and Charles Terry***
*By ECF*

Victor W. Newmark, Esq.
Wiles and Wiles, LLP
800 Kennesaw Avenue
Suite 400
Marietta, GA 30060
***Counsel to AmericasMart Real Estate, LLC***
*By First-Class Mail*

Mark N. Berman, Esq.
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
***Counsel to Lifetime Brands, Inc.***
*By ECF*

Robert N.H. Christmas, Esq.
Nixon Peabody LLP
437 Madison Avenue
New York, NY 10022
***Counsel to Lifetime Brands, Inc.***
*By ECF*

Missouri Department of Revenue
Bankruptcy Unit
Attn:  Steven A. Ginther
P.O. Box 475
Jefferson City MO  65105-0475
*By ECF*

Dallas Market Center Operating, L.P.
Attn. Mitzi Tally, Authorized Agent
2100 N. Stemmons Freeway MS #650
Dallas, TX 75207
*By First-Class Mail*

Wendy M. Bittner, Esq.
Law Offices of Wendy M. Bittner
15 Court Square, Suite 300
Boston, MA  02108
***Counsel to Local 593, United Silver Workers'
Union, New England Joint Board***
*By ECF*

TN Dept. of Revenue
c/o TN Attorney General's Office,
Bankruptcy Division
Attn:  Gill Geldreich, Esq.
PO Box 20207
Nashville, TN  37202-0207
*By ECF*

Nathanial Metz, Esq.
Saul Ewing LLP
1200 Liberty Ridge Drive, Suite 200
Wayne, PA  10987-5569
***Counsel to QVC, Inc.***
*By ECF*

Ethan E. Kra Actuarial Services LLC
Attn:  Ethan E. Kra
26 Swayze Street
West Orange, NJ  07052-2026
*By First-Class Mail*

Synchrony Bank
c/o Recovery Management Systems Corp.
25 SE 2nd Avenue, Suite 1120
Miami, FL  33131-605
*By First-Class Mail*

Spruce Creek Retail Outlet, LLC,
c/o Neal Shalom
145 Rosemary Street, Suite E
Needham, MA 02494
*By First-Class Mail*

Paul D. Moore, Esq.
Duane Morris LLP
100 High Street, Suite 2400
Boston, MA  02110-1724
***Counsel to Lenox, Inc.***
*By ECF*

Zachary W. Berk, Esq.
Saul Ewing LLP
131 Dartmouth Street, Suite 501
Boston, MA  02116
***Counsel to QVC, Inc.***
*By ECF*

DJM Realty Services, LLC
Attn:  Edward P. Zimmer
100 Crossways Park Drive West, Suite 207
Woodbury, NY  11797
*By First-Class Mail*